## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SALLY BURNS,<br><br>    Plaintiff,<br><br>    v.<br><br>APA 73, INC.; SVETOZAR Z. PARUTER; AND<br>COMPASS LEASE, LLC<br><br>    Defendants. | CIVIL ACTION NO.:<br>2:10-CV-7231 (GP) |

### DEFENDANT APA 73, INC.'S ANSWER TO PLAINTIFF'S
### COMPLAINT WITH AFFIRMATIVE DEFENSES AND CROSS-CLAIM

Defendant, APA 73, Inc., by and through its attorneys, Rawle & Henderson LLP, hereby answers Plaintiff's Complaint as follows:

### I.    Parties

1.    Denied. Answering Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in the corresponding paragraph in Plaintiff's Complaint.  Therefore, said averments are denied and strict proof is demanded at trial.  By way of further answer, Plaintiff's address is not captioned in her Complaint, as averred.

2.    Denied. Answering Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in the corresponding paragraph in Plaintiff's Complaint.  Therefore, said averments are denied and strict proof is demanded at trial.

3.    Admitted in part; denied in part.  Answering Defendant admits only that APA 73, Inc., is an Illinois corporation authorized to conduct business in New Jersey at all times material

hereto.   The remaining averments contained in the corresponding paragraph of Plaintiff's Complaint consist of legal conclusions which require no response.

4.      Denied.   Answering Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in the corresponding paragraph in Plaintiff's Complaint.   Therefore, said averments are denied and strict proof is demanded at trial.

**II.      Jurisdiction**

5.      Denied as a legal conclusion to which no responsive pleading is required.

**III.      Facts**

6.      Denied.   Answering Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in the corresponding paragraph in Plaintiff's Complaint.   Therefore, said averments are denied and strict proof is demanded at trial.

5. [*sic*] Denied.   The factual averments contained in the corresponding paragraph are specifically denied, and strict proof is demanded at trial. The remaining averments contained in the corresponding paragraph of Plaintiff's Complaint consist of legal conclusions which require no response.

6. [*sic*] Denied.   Answering Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in the corresponding paragraph in Plaintiff's Complaint.   Therefore, said averments are denied and strict proof is demanded at trial.   By way of further answer, the corresponding paragraph of Plaintiff's Complaint contains conclusions of law to which no responsive pleading is required.

7.     Denied.  Answering Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the remaining averments contained in the corresponding paragraph in Plaintiff's Complaint.   Therefore, said averments are denied and strict proof is demanded at trial.   By way of further answer, the corresponding paragraph of Plaintiff's Complaint contains conclusions of law to which no responsive pleading is required.

## COUNT I
### Sally Burns v. Svetozar Z. Paruter

8.     Answering Defendant incorporates by reference the preceding paragraphs of its Answer as if set forth fully at length herein.

9.     Denied.  The averments contained in the corresponding paragraph of Plaintiff's Complaint are directed to a party other than Answering Defendant and require no response.

10.     Denied.  The averments contained in the corresponding paragraph of Plaintiff's Complaint are directed to a party other than Answering Defendant and require no response.

11.     Denied.  The averments contained in the corresponding paragraph of Plaintiff's Complaint are directed to a party other than Answering Defendant and require no response.

12.     Denied.  The averments contained in the corresponding paragraph of Plaintiff's Complaint are directed to a party other than Answering Defendant and require no response.

13.     Denied.  The averments contained in the corresponding paragraph of Plaintiff's Complaint are directed to a party other than Answering Defendant and require no response.

WHEREFORE, Answering Defendant demands that the Complaint be dismissed, with prejudice, and that judgment be rendered in its favor and against Plaintiff, together with costs, fees, and such other and further relief as may be appropriate.

## COUNT II
### <u>Sally Burns v. APA 73, Inc.</u>

14.     Answering Defendant incorporates by reference the preceding paragraphs of its Answer as if set forth fully at length herein.

15.     Denied.  Answering Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in the corresponding paragraph in Plaintiff's Complaint.  Therefore, said averments are denied and strict proof is demanded at trial.  By way of further answer, Answering Defendant denies all negligence, carelessness and recklessness, and demands strict proof thereof at trial.   By way of further answer, the corresponding paragraph of Plaintiff's Complaint, and its sub-parts (a)-(d), contains conclusions of law to which no responsive pleading is required.

16.     Denied.  Answering Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in the corresponding paragraph in Plaintiff's Complaint.  Therefore, said averments are denied and strict proof is demanded at trial.  By way of further answer, Answering Defendant denies all negligence, carelessness and recklessness, and demand strict proof thereof at trial.   By way of further answer, the corresponding paragraph of Plaintiff's Complaint, and its sub-parts (a)-(d), contains conclusions of law to which no responsive pleading is required.

17.     Denied.  Answering Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in the corresponding paragraph in Plaintiff's Complaint.  Therefore, said averments are denied and strict proof is demanded at trial.  By way of further answer, the corresponding paragraph of Plaintiff's Complaint contains conclusions of law to which no responsive pleading is required.

18.     Denied.  Answering Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in the corresponding paragraph in Plaintiff's Complaint.  Therefore, said averments are denied and strict proof is demanded at trial.

19.     Denied.  Answering Defendant has insufficient knowledge or information upon which to form a belief as to the truth of the averments contained in the corresponding paragraph in Plaintiff's Complaint.  Therefore, said averments are denied and strict proof is demanded at trial.

WHEREFORE, Answering Defendant demands that the Complaint be dismissed, with prejudice, and that judgment be rendered in its favor and against Plaintiff, together with costs, fees, and such other and further relief as may be appropriate.

## COUNT III
### Sally Burns v. Compass Lease LLC

20.     Answering Defendant incorporates by reference the preceding paragraphs of its Answer as if set forth fully at length herein.

21.     Denied.  The averments contained in the corresponding paragraph of Plaintiff's Complaint, and its subparts (a)-(d), are directed to a party other than Answering Defendant and require no response.

22.     Denied.  The averments contained in the corresponding paragraph of Plaintiff's Complaint are directed to a party other than Answering Defendant and require no response.

23.     Denied.  The averments contained in the corresponding paragraph of Plaintiff's Complaint are directed to a party other than Answering Defendant and require no response.

24.     Denied.  The averments contained in the corresponding paragraph of Plaintiff's Complaint are directed to a party other than Answering Defendant and require no response.

25.     Denied.  The averments contained in the corresponding paragraph of Plaintiff's Complaint are directed to a party other than Answering Defendant and require no response.

WHEREFORE, Answering Defendant demands that the Complaint be dismissed, with prejudice, and that judgment be rendered in its favor and against Plaintiff, together with costs, fees, and such other and further relief as may be appropriate.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

26.     Plaintiff's Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

27.     No conduct on the part of Answering Defendant contributed to Plaintiff's alleged injuries and damages.

### THIRD AFFIRMATIVE DEFENSE

28.     The acts and conditions complained of by Plaintiff, if in fact they occurred or existed, are the result of the conduct of third parties over whom Answering Defendant had no control, and therefore, Answering Defendant denies liability for same.

### FOURTH AFFIRMATIVE DEFENSE

29.     Answering Defendant breached no duty of care to Plaintiff.

### FIFTH AFFIRMATIVE DEFENSE

30.     Plaintiff's claims are either barred, or should be reduced, as a result of the plaintiff's own contributory or comparative negligence, and/or by Plaintiff's assumption of the

4257587-1                                                         6

risk.

## SIXTH AFFIRMATIVE DEFENSE

31.    Plaintiff failed to mitigate her alleged injuries and damages, if any.

## SEVENTH AFFIRMATIVE DEFENSE

32.    The injuries and damages complained of by Plaintiff pre-existed, or were sustained after, the incident which is the subject matter of the Complaint.

## EIGHTH AFFIRMATIVE DEFENSE

33.    Plaintiff's injuries and damages, if any, were the result of an unavoidable accident, sudden emergency, or Act of God.

## NINTH AFFIRMATIVE DEFENSE

34.    Answering Defendant claims any and all defenses available to it pursuant to Pennsylvania's Financial Responsibility Law, 75 Pa. C.S.A. § 1701 *et seq.*

## TENTH AFFIRMATIVE DEFENSE

35.    Plaintiff's claims are barred or limited by application of collateral estoppel or *res judicata.*

## ELEVENTH AFFIRMATIVE DEFENSE

36.    This Honorable Court lacks personal jurisdiction over Answering Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

37.    Service of process was improper and/or insufficient.

WHEREFORE, Answering Defendant demands that the Complaint be dismissed with prejudice, and that judgment be rendered in its favor and against Plaintiff, together with costs, fees, and such other and further relief as may be appropriate.

## CROSS CLAIM AGAINST CO-DEFENDANT COMPASS LEASE, INC.

38.     Answering Defendant incorporates by reference the preceding paragraphs of its Answer as if set forth fully at length herein.

39.     In the event Plaintiff sustained damages as set forth in the Complaint, said allegations being expressly denied, then such damages were caused solely by the conduct of the co-defendant Compass Lease LLC.

40.     If liability is imposed upon Answering Defendant, such liability being expressly denied, then it is averred that the co-defendant Compass Lease LLC is liable to the plaintiff and/or jointly and/or severely liable over to Answering Defendant by way of contribution and/or indemnification, contractual or otherwise.

41.     In the event that the plaintiff sustained damages as set forth in the Plaintiff's Complaint, said allegations being hereby denied, said damages were a direct result of the breach of contract and/or service agreements by the co-defendant Compass Lease LLC.

WHEREFORE, Answering Defendant demands that judgment be entered in its favor and against the co-defendant Compass Lease LLC, plus interest and costs of suit.

RAWLE & HENDERSON LLP

By: _____

James A. Wescoe
Asher Brooks Chancey
The Widener Building
One South Penn Square
Philadelphia, PA  19107
(215) 575-4200

Attorneys for Defendant APA 73, Inc.

Dated: January 19, 2011

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Answer to

the Complaint was served by first-class mail, postage prepaid, upon all counsel of record via first

class mail, addressed as follows:

Alan R. Zibelman, Esquire
Zibelman Legal Associates
Two Penn Center – Suite 1700
1500 JFK Boulevard
Philadelphia, PA 19103

RAWLE & HENDERSON LLP

By: _____
   James A. Wescoe
   Asher Brooks Chancey
   The Widener Building
   One South Penn Square
   Philadelphia, PA  19107
   (215) 575-4200

   Attorneys for Defendant APA 73, Inc.

Dated: January 19, 2011

4257587-1